2011-01033
FILED
January 28, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003242362

1  BRAD A. MOKRI, SBN: 208213
2  JENNIFER N. HUPE, SBN: 256009
   LAW OFFICES OF MOKRI & ASSOCIATES
3  1851 E. First Street, Suite 900
   Santa Ana, California 92705
4  Telephone No.: (714) 619-9395
   Facsimile No.: (714) 619-9396

5
6  Attorney for Plaintiff
   HERITAGE PACIFIC FINANCIAL LLC.

7
8
9              UNITED STATES BANKRUPTCY COURT
               EASTERN DISTRICT OF CALIFORNIA
10                  FRESNO DIVISIONAL OFFICE

11 In Re:                          )  Chapter 7
                                   )  Bankruptcy No. : 1:10-bk-62978
12 IVAN HERNANDEZ                  )  Adversary Case No.:
                                   )
13         Debtor.                 )
                                   )
14 ─────────────────────────────  )
                                   )  **PLAINTIFF'S COMPLAINT TO**
15 HERITAGE PACIFIC FINANCIAL, LLC.)  **DETERMINE DISCHARGEABILITY OF**
   D/B/A HERITAGE PACIFIC FINANCIAL, a )  **DEBT**
16 Texas Limited Liability Company,)
                                   )  **[11 U.S.C. §523(a)(2)(A); 11 U.S.C.**
17         Plaintiff,              )  **§523(a)(2)(B)]**
                                   )
18     vs.                         )
                                   )
19 IVAN HERNANDEZ                  )  DATE: See Summons
                                   )
20         Defendant.              )
                                   )
21                                 )
                                   )
22                                 )
                                   )
23 ─────────────────────────────  )

24         <u>COMPLAINT TO DETERMINE THE</u>
25    <u>DISCHARGEABILITY OF DEBT AND FOR JUDGMENT</u>

26
        Plaintiff, through its attorney, Brad A. Mokri, of Law Offices of Mokri & Associates
27
   , states as follows:
28

---

**PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

- 1

## PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Heritage Pacific Financial, LLC. dba Heritage Pacific Financial pursuant to 11 U.S.C. § 523.

2. Defendant filed a Chapter 7 bankruptcy petition on November 09, 2010. Jurisdiction is

vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. § 523; this matter is a core proceeding.

4. Plaintiff is a creditor of defendant. Plaintiff is the assignee and current owner and/or holder of Defendant's loan and related mortgage note.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes, and thereon alleges that in an effort to obtain funds to purchase and/or refinance a property, Defendant completed, or caused to have completed on his behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein.

6. Defendant obtained loans evidenced by promissory notes executed by Defendant. Plaintiff is the true and current owner and holder of Defendant's loan and related promissory note. A true and correct copy of the Note is attached as **Exhibit "B"** and incorporated by reference herein.

7. Defendant certified the accuracy of the information contained in the Loan Application and expressly consented to the verification and re-verification of the information contained therein.

8. Among other information required to be certified, and in fact certified, by Defendant on the Loan Application, was information regarding Defendant's current employer, gross monthly income, and intent to use the property securing the loan as Defendant's primary residence.

9. Defendant knew that his then-current income was insufficient to obtain the loans, and in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant provided, prepared, or caused to be prepared, a Loan Application which materially misstated Defendant's employment, income and/or intended use of the property as a primary residence; and caused Defendant's agent to submit to the lender a materially false Loan Application and other materially false documents related thereto.

10. Plaintiff is informed, believes, and thereon alleges that Defendant directed, instructed, and caused to have his materially false Loan Application and supporting documentation transmitted to Defendant's lender knowing that the information in the Loan Application and supporting documentation was materially false.

11. The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in and in conjunction with the Loan Application was false. In reliance on the information and documentation provided by Defendant, the lender approved Defendant's Loan Application.

12. Defendant executed a promissory note in favor of the lender, pursuant to which Defendant agreed and promised to repay the loan according to the terms of the promissory note. The proceeds of the loan, as stated in the promissory note, were to be used to purchase and/or refinance the property securing the promissory note.

13. The lender fully performed, including by disbursing the loan proceeds to Defendant. The lender and/or its assignees duly assigned Defendant's loan and promissory note to Plaintiff, who is currently the owner and holder of Defendant's loan and promissory note.

14. Defendant defaulted on his payment obligations and obligation to re-verify the information contained in the Loan Application despite the Plaintiff's request therefore.

15. Plaintiff is informed, believes, and thereon alleges that in applying for the loan, the Defendant knowingly misstated her monthly income on his Loan Application and concealed his true income. Plaintiff is further informed and believes that the Defendant knowingly misstated the status of his employment on the Loan Application and concealed his true employment status.

Plaintiff is further informed and believes that Defendant misrepresented his residency such that the property securing the loan was not Defendant's primary residence, and concealed his true residency status.

16.  The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

17.  Plaintiff is not barred from pursuing this action by any anti-deficiency statute or rule. Plaintiff does not seek a deficiency judgment for the balance of a promissory note following foreclosure, but rather seeks a judgment for Defendant's fraud in connection with their loan application, as alleged herein. Plaintiff has attempted to resolve this matter prior to filing this complaint by contacting Defendant.

## FIRST CLAIM FOR RELIEF

### False Pretenses, False Representation or Actual Fraud

### [11 U.S.C. § 523(a)(2)(A)]

18.  Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17, above.

19.  In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed. A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $64,030.27 including interest as of the date the bankruptcy petitioner was filed.

20.  Defendant obtained the money by false pretenses, a false representation and actual fraud by misrepresenting that the money obtained for the purpose of purchasing a property for his primary residence. Defendant misrepresented her intended use of the property as his primary residence as the property was being purchased for another individual.

21. The lender did not know, and had no reason to know, that defendant misrepresented his intended use of the property and in reliance on the information approved the loan.

22. At the time of obtaining the money from the lender execution of the loan, Defendant failed to disclose to Lender that he did not and would not use the property as his primary residence. Lender justifiably relied on Defendant's representation and paid money for the purchase of a primary residence.

23. By reason of the foregoing, Defendant obtained money from the lender through false pretenses, false representations and actual fraud. Defendant's actions constitute material misrepresentations of the facts. Defendant intended for the lender to rely on the misrepresentation.

24. Lender reasonably relied upon Defendant's misrepresentations and was induced to lend money to Defendant by those misrepresentations.

25. Within the three years prior to the filing of this Complaint, through its independent investigation and collection attempts, Plaintiff discovered that the representations made on Defendant's Loan Application were false.

26. As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $64,030.27 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(A), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $64,030.27 plus interest and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

### Use of False Statement in Writing

### [11 U.S.C. § 523(a)(2)(B)]

27. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25, above.

28. In an effort to obtain funds to purchase and/or refinance their property, Defendant completed, or caused to have completed on their behalf, a Uniform Residential Loan Application ("Loan Application"), otherwise known as a 1003 Form, which Defendant executed and signed.

A true and correct copy of the Uniform Residential Loan Application is attached as **Exhibit "A"** and incorporated by reference herein. Defendant utilized this loan, creating a balance due and owing on this loan of $64,030.27 including interest as of the date the bankruptcy petitioner was filed.

29.    In an effort to obtain the funds, Defendant caused to have completed on his behalf, a Uniform Residential Loan Application, otherwise known as a 1003 Form, which Defendant executed and signed.

30.    On the Uniform Residential Loan Application, Defendant certified the accuracy of the information contained therein including but not limited to financial condition of Defendant and consented to the verification and re-verification of the information contained therein.

31.    Among the information provided and certified by Defendant in his Uniform Residential Loan Application, Defendant was required to certify information regarding his current employer, statements of his gross monthly income, and to certify that his intended to use the loan proceeds to purchase real property which Defendant intended to use as his primary residence.

32.    In furtherance of his effort, because Defendant knew that his then current income was insufficient to support the approval of the loan and/or in an effort to secure the more favorable primary-residence financing rate, Plaintiff is informed, believes and thereon alleges that Defendant:

a)    Provided, prepared, caused to be prepared, false loan applications, which misstated his employment, income and/or intended use of the property as a primary residence;

b).    Certified a false loan application, which misstated his employment income and/or intended use of the property as a primary residence; and

c).    Caused his agents to submit to lenders a false loan application and other loan related documents

33.    The lender did not know, and had no reason to know, that the information and documentation provided by Defendant in, and in conjunction with, his loan applications was

false, and in reliance on the information and documentation provided by Defendant to the lender therein approved the loan.

34.     Defendant executed a promissory note in favor of his initial lender, its successors, transferees, and assigns. In the loan application Defendant expressly represented to the original lender and to its successor in interest the accuracy of the information.

35.     The proceeds of the loan, as referenced in the promissory note, were to be used by Defendant in the purchase or refinance of the property described therein.  In exchange, Defendant agreed and promised to pay according to the mutually agreed upon terms and conditions more particularly described in the promissory notes.

36.     Lender fully performed, and Defendant acquired title to the property. The promissory note was duly assigned by the original lender and/or its assignees to Plaintiff, who is the current owner and/or holder of Defendant's Loan and related mortgage note.

37.     Defendant has defaulted on his  obligations to pay and to re-verify the information contained in the Uniform Residential Loan Application. Despite Plaintiff's attempts to secure information from Defendant to re-verify the information contained in his loan application, Defendant has failed and/or refused to comply with Plaintiff's requests.

38.     Within the three years prior to the filing of this Complaint, through its independent investigation and collection attempts, Plaintiff discovered that the representations made on Defendant's Loan Application were false.

39.     By reason of the foregoing, Defendant obtained money by using a statement in writing that falsely represented Defendant's financial condition on which the lender relied on. Defendant submitted the loan application with the intent to deceive the lender. Defendant, therefore, had a specific intent to defraud his lender.

40.     Defendant's actions constitute material misrepresentations of the facts. Defendant intended for his ender to rely on those misrepresentations. Lender did rely upon Defendant's misrepresentations of repayment and was induced to lend money to Defendant by those misrepresentations. Lender reasonably relied on Defendant's misrepresentations.

41.     As a result of Defendant's conduct, Plaintiff has suffered damages at a minimum in the amount of $64,030.27 plus interest and reasonable attorney fees. Pursuant to 11 USC § 523(a)(2)(B), Defendant should not be granted a discharge of this debt to the Plaintiff in the amount of $64,030.27 plus interest and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1.     A monetary judgment against Defendant in the amount of $64,030.27, plus accrued interest at the contractual rate, plus, additional interest at the contractual rate, which will continue to accrue until the date of judgment herein;

2.     An order determining that such debt is non-dischargeable under 11 USC § 523(a)(2)(A) and (B);

3.     An order awarding Plaintiff its attorneys' fees and costs incurred herein; and

4.     An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated: January _20_, 2011                          **Respectfully Submitted,**

                                               **LAW OFFICES OF MOKRI & ASSOCIATES**

                                               By: _BRAD A. MOKRI_                          .
                                                       Brad A. Mokri
                                                       Attorney for Plaintiff
                                                       Heritage Pacific Financial, LLC.
                                                       dbaHeritage Pacific Financial

EXHIBIT "A"

Loan # ~~XXXXXXXXXX~~                                    UO4D600

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower" as applicable. Co-Borrower information must also be provided when [ ] the income or assets of a person other than the Borrower (including the Borrower's spouse) will be used as a basis for loan qualification or [ ] the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____   Co-Borrower _____

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | [ ] VA  [X] Conventional  [ ] Other: | Agency Case Number | Lender Case Number |
|---|---|---|---|
| | [ ] FHA  [ ] USDA/Rural Housing Service | | 0006881668 |

| | Interest Rate | No. of Months | Amortization Type: | [ ] Fixed Rate  [X] Other (explain): Balloon |
|---|---|---|---|---|
| Amount  $64,350.00 | 8.875 % | 180 | | [ ] GPM  [ ] ARM (type): |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 9023 GREAT HARVEST DRIVE BAKERSFIELD, CA 93313 | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| | 0 |

| Purpose of Loan | [X] Purchase  [ ] Construction  [ ] Other (explain): [ ] Refinance  [ ] Construction-permanent | Property will be: [X] Primary Residence  [ ] Secondary Residence  [ ] Investment |
|---|---|---|

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements [ ] made [ ] to be made |
|---|---|---|---|---|
| | $ | $ | | Cost: $ |

| Title will be held in what Name(s)   IVAN HERNANDEZ | Manner in which Title will be held  Single | Estate will be held in: [X] Fee Simple |
|---|---|---|
| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)  Checking/Savings / Deposit on Sales Contract | | [ ] Leasehold (show expiration date) |

## III. BORROWER INFORMATION

| Borrower's Name (include Jr. or Sr. if applicable)  IVAN HERNANDEZ | Co-Borrower's Name (include Jr. or Sr. if applicable) |
|---|---|

| Social Security Number ~~XXX-XX-9818~~ | Home Phone (incl. area code) | DOB (MM/DD/YYYY) ~~XX/XX~~/1982 | Yrs School 12.00 | Social Security Number | Home Phone (incl. area code) | DOB (MM/DD/YYYY) | Yrs School |
|---|---|---|---|---|---|---|---|

| [ ] Married  [X] Unmarried (include single, divorced, widowed)  [ ] Separated | Dependents (not listed by Co-Borrower)  no 0  ages | [ ] Married  [ ] Unmarried (include single, divorced, widowed)  [ ] Separated | Dependents (not listed by Borrower)  no  ages |
|---|---|---|---|

| Present Address (street, city, state, ZIP)  [ ] Own  [ ] Rent  0 yr 2  No.Yrs. | Present Address (street, city, state, ZIP)  [ ] Own  [ ] Rent  No.Yrs. |
|---|---|
| ~~XXXXXXXXXXX~~  BAKERSFIELD, CA 93307  Living Rent Free | |

| Mailing Address, if different from Present Address | Mailing Address, if different from Present Address |
|---|---|

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP)  [X] Own  [ ] Rent  1 yr 0  No.Yrs. | Former Address (street, city, state, ZIP)  [ ] Own  [ ] Rent  No.Yrs. |
|---|---|
| ~~XXXXXXXXXXX~~  BAKERSFIELD, CA 93304 | |

| Former Address (street, city, state, ZIP)  [ ] Own  [ ] Rent  1 yr 0 mos | Former Address (street, city, state, ZIP)  [ ] Own  [ ] Rent |
|---|---|
| ~~XXXXXXXXXX COURT~~  BAKERSFIELD, CA 93307  Living Rent Free | |

| Former Address (street, city, state, ZIP)  [ ] Own  [ ] Rent | Former Address (street, city, state, ZIP)  [ ] Own  [ ] Rent |
|---|---|

EXHIBIT A

## IV. EMPLOYMENT INFORMATION

| Borrower | | Co-Borrower | |
|---|---|---|---|
| Name & Address of Employer ☐ Self Employed | Yrs. on this job 3 yrs 5 mos | Name & Address of Employer ☐ Self Employed | Yrs. on this job |
| ████████████ ████████████ BASS LAKE, CA 93604 | Yrs. employed in this line of work/profession 5 yrs 0 mos | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business TRUCK DRIVER / TRANSPORTATION VERIFICATION#: | Business Phone (incl. area code) ████████████ ████████████ | Position/Title/Type of Business | Business Phone (incl. area code) |

**If employed in current position for less than two years or if currently employed in more than one position, complete the following:**

| Name & Address of Employer ☐ Self Employed | Dates (from - to) | Name & Address of Employer ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from - to) | Name & Address of Employer ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from - to) | Name & Address of Employer ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

| Name & Address of Employer ☐ Self Employed | Dates (from - to) | Name & Address of Employer ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income $ | | Monthly Income $ |
| Position/Title/Type of Business | Business Phone (incl. area code) | Position/Title/Type of Business | Business Phone (incl. area code) |

## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 4,246.00 | $ | $ 4,246.00 | Rent | $ 0.00 | |
| Overtime | 2,388.00 | | 2,388.00 | First Mortgage (P&I) | 0.00 | $ 1,447.89 |
| Bonuses | 750.00 | | 750.00 | Other Financing (P&I) | 0.00 | 512.00 |
| Commissions | 0.00 | | 0.00 | Hazard Insurance | 0.00 | 33.33 |
| Dividends/Interest | 0.00 | | 0.00 | Real Estate Taxes | 0.00 | 402.25 |
| Net Rental Income | 0.00 | | 0.00 | Mortgage Insurance | 0.00 | 0.00 |
| Other (before completing, see the notice in "describe other income," below) | 0.00 | | 0.00 | Homeowner Assn. Dues | 0.00 | 0.00 |
| | 0.00 | | 0.00 | Other: | 0.00 | 0.00 |
| **Total** | $ 7,384.00 | $ 0.00 | $ 7,384.00 | **Total** | $ 0.00 | $ 2,395.46 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income   Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

Initials: _E.H_

## ▓▓▓▓▓▓▓▓▓▓▓▓ ASSETS AND LIABILITIES ▓▓▓▓▓▓▓▓▓▓▓▓

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed about that spouse or other person also.

Completed [ ] Jointly [X] Not Jointly

| ASSETS<br>Description | Cash or Market<br>Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | Monthly Pmt. &<br>Mos. Left to Pay | Unpaid<br>Balance |
|---|---|---|---|---|---|
| Cash deposit toward purchase held by.<br><br>LENNAR HOMES | $ 2,500.00 | **LIABILITIES** | | | |
|  |  | Name and address of Company | | $ Pmt./Mos. | $ |
| List checking and savings accounts below | | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | | 1,075.00<br>129 | 138,359.00 |
| Name and address of Bank, S&L, or Credit Union<br>▓▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓▓<br>SAN FRANCISCO, CA 94137<br>Checking | | Real Estate | | | |
|  |  | Acct. no. ▓▓▓▓▓▓▓▓▓ | | | |
| Acct. no. ▓▓▓▓▓▓▓▓ | $ 1,553.00 | Name and address of Company | | $ Pmt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union<br>▓▓▓▓▓▓▓▓▓<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>SAN FRANCISCO, CA 94137<br>CD | | GILLY MORTGAGE COMPANY<br><br>Real Estate | | 637.00<br>129 | 81,949.00 |
|  |  | Acct. no. ▓▓▓▓▓▓▓ | | | |
| Acct. no. ▓▓▓▓▓▓▓▓ | $ 50,000.00 | Name and address of Company | | $ Pmt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union | | ▓▓▓▓▓▓▓▓▓▓▓<br><br>Real Estate | | 275.00<br>127 | 34,748.00 |
|  |  | Acct. no. ▓▓▓▓▓▓▓▓ | | | |
| Acct. no | $ | Name and address of Company | | $ Pmt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union | | ▓▓▓▓▓▓▓▓▓▓ UNION<br><br>Installment | | 578.00<br>47 | 26,794.00 |
|  |  | Acct. no ▓▓▓▓▓▓▓▓▓ | | | |
| Acct. no. | $ | Name and address of Company | | $ Pmt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union | | | | | |
|  |  | Acct. no. | | | |
| Acct. no. | $ | Name and address of Company | | $ Pmt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union | | | | | |
|  |  | Acct. no. | | | |
| Acct. no. | $ | Name and address of Company | | $ Pmt./Mos. | $ |
| Name and address of Bank, S&L, or Credit Union | | | | | |
|  |  | Acct. no. | | | |
| Acct. no. | $ | Name and address of Company | | $ Pmt./Mos. | $ |
|  |  | | | | |
|  |  | Acct. no. | | | |

## VI. ASSETS AND LIABILITIES (Cont.)

| Stocks & Bonds (Company name/number & description) | $ | | Liabilities and Pledged Assets Con't. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|---|
| | | | Name and address of Company | $ Pmt./Mos. | $ |
| Life insurance net cash value | $ | | | | |
| Face amount $ | | | | | |
| Subtotal Liquid Assets | $ | 42,533.17 | | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ | $380,000.00 | | | |
| | | | Acct. no. | | |
| Vested interest in retirement fund | $ | | Name and address of Company | $ Pmt./Mos. | $ |
| Net worth of business(es) owned (attach financial statement) | $ | | | | |
| Automobiles owned (make and year) | $ | | | | |
| | | | Acct. no | | |
| | | | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | | Job Related Expense (child care, union dues, etc.) | $ | |
| | | | Total Monthly Payments | $ | 2,565.00 |
| Total Assets a. | $ | 242,533.17 | Net Worth (a minus b) ▶ $ -39,316.83 | Total Liabilities b. | $ | 281,850.00 |

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

Property Address (enter S if sold, PS if pending sale or R if rental being held for income) ▼

| BAKERSFIELD, CA 93304 | | | R | Type of Property | 1 Fam |
|---|---|---|---|---|---|
| Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
| $200,000.00 | $173,107.00 | 1500.00 | 1,350.00 | 0.00 | -225.00 |

| BAKERSFIELD, CA 93304 | | | S | Type of Property | 1 Fam |
|---|---|---|---|---|---|
| Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
| $180,000.00 | $81,949.00 | 0.00 | 637.00 | 0.00 | 0.00 |

| | | | | Type of Property | |
|---|---|---|---|---|---|
| Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |

▼

| Totals Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|
| $380,000.00 | $255,056.00 | $1,500.00 | $1,987.00 | $0.00 | -225.00 |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |
| | | |
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | 321,810.00 |
| b. Alterations, improvements, repairs | 0.00 |
| c. Land (if acquired separately) | 0.00 |
| d. Refinance (incl. debts to be paid off) | 0.00 |
| e. Estimated prepaid items | 2,806.97 |
| f. Estimated closing costs | 6,700.22 |
| g. PMI, MIP, Funding Fee | 0.00 |
| h. Discount (if Borrower will pay) | 643.50 |
| i. Total costs (add items a through h) | 331,960.69 |
| j. Subordinate financing | 0.00 |
| k. Borrower's closing costs paid by Seller | 0.00 |
| l. Other Credits (explain) | 257,400.00 |
|    1st Mtg Loan Amount | |
| | 0.00 |
| | 0.00 |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 64,350.00 |
| n. PMI, MIP, Funding Fee financed | 0.00 |
| o. Loan amount (add m & n) | 64,350.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 10,210.69 |

## VIII. DECLARATIONS

If you answer "Yes" to any questions a through l, please use continuation sheet for explanation.

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| | Yes | No | Yes | No |
| a. Are there any outstanding judgments against you? | | X | | |
| b. Have you been declared bankrupt within the past 7 years? | | X | | |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | |
| d. Are you a party to a lawsuit? | | X | | |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | X | | |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | X | | |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | | X | | |
| h. Is any part of the down payment borrowed? | | X | | |
| i. Are you a co-maker or endorser on a note? | | X | | |
| j. Are you a U.S. citizen? | X | | | |
| k. Are you a permanent resident alien? | | X | | |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | X | | | |
| m. Have you had an ownership interest in a property in the last three years? | X | | | |
| (1) What type of property did you own -- principal residence (PR), second home (SH), or investment property (IP)? | PR | | | |
| (2) How did you hold title to the home -- solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | S | | | |

## IX. ACKNOWLEDGMENT AND AGREEMENT

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; 7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the owner or servicer of the Loan may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer credit reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature" as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

**Equal Credit Opportunity Notice:** You are hereby provided the following "Equal Credit Opportunity" notice as required by Section 4112.021 of the Ohio Revised Code. "The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law."

Under California Civil Code 1812.3(j) "Credit applications for the obtainment of money, goods, labor, or services shall clearly specify that the applicant, if married, may apply for a separate account."

**Acknowledgement.** Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate business purpose through any source named in this application or a consumer reporting agency.

| | | | |
|---|---|---|---|
| Borrower's Signature X | Date 7-8-06 | Co-Borrower's Signature X | Date |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish this information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race or sex, under Federal regulations, this lender is required to note this information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | | CO-BORROWER | ☐ I do not wish to furnish this information | |
|---|---|---|---|---|---|
| Ethnicity | X Hispanic or Latino    ☐ Not Hispanic or Latino | | Ethnicity | ☐ Hispanic or Latino    ☐ Not Hispanic or Latino | |
| Race | ☐ American Indian or Alaskan Native   ☐ Asian   ☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander    X White | | Race | ☐ American Indian or Alaskan Native   ☐ Asian   ☐ Black or African American ☐ Native Hawaiian or Other Pacific Islander    ☐ White | |
| Sex | ☐ Female    X Male | | Sex | ☐ Female    ☐ Male | |

| To be Completed by Interviewer | Interviewer's Name (print or type) Lori Cosyns | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | | |
| ☐ Face-to-face interview | Interviewer's Signature   /s/ Lori Cosyns   Date 9/8/06 | 5051 Office Park Drive Suite 100 |
| ☐ Mail | | BAKERSFIELD, CA 93309 |
| ☐ Telephone | Interviewer's Phone Number (incl. area code) | |
| ☐ Internet | (661) ___ | |

Loan # ~~9706088~~

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: IVAN HERNANDEZ | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: 0006881658 |

********************* NO ADDITIONAL INFORMATION *********************

I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements concerning any of the above facts as applicable under the provisions of Title 18, United States Code, Section 1001, et seq.

I/We authorize Universal American Mortgage Company of California to use my/our credit reports for determining whether other products or services offered by Universal American Mortgage Company of California, its affiliates and carefully selected third parties may be suitable for me/us.

| Borrower's Signature: | Date | Co-Borrower's Signature: | Date |
|---|---|---|---|
| X | 9-8-06 | X | |

UAMC21-FNMA 1003 7/05 (0401) (CA) (MA) (OH) (TX)          Page 6 of 7          Initials: _____          Revised: 7/05

## Continuation Sheet/Residential Loan Application

COMPLETE FOR ALL LOAN TYPES (if applicable)

Have you ever been known by any other name?  ☐ Yes  ☐ No

If yes, Name: _____   When: _____

Present Landlord name & Address: _____

Previous Landlords: _____

Listing Broker Name: _____

Selling Broker Name: _____

I/We understand that Universal American Mortgage Company of California does not offer assistance in determining the manner in which I/we hold title. I/We made this choice without their advice and are fully aware of the ramifications.

I/We have elected to take title in the following manner: _____

PROOF OF EMPLOYMENT

As part of the approval process, UAMC may contact your employer to verify your income and employment. If your employer participates in an automated service such as The Work Number, please provide us with the following information for verifications purposes:

_____   _____
Employer Code              Salary Authorization Code

POWER OF ATTORNEY

Power of Attorney will be used at time of closing for: _____
                                                        (Full Name of Borrower)

The person authorized to sign as Power of Attorney is: _____
                                                        (Full Name of Signor)

NOTE: You have elected to use a power of attorney, please contact your closing agent prior to closing to obtain Universal American Mortgage Company of California requirements for use of this document. If you already have an executed Power of Attorney, please provide us with a copy two (2) weeks prior to closing so that we can be sure it meets our requirements.
If in the future you decide to use a Power of Attorney, you must notify and supply a copy of same two (2) weeks prior to closing.

CERTIFICATION

1. I/We have applied for a mortgage loan from UAMC (lender). In applying for the loan, I/we completed a loan application containing various information on the purpose of the loan, the amount and source of the down payment, employment and income information and assets and liabilities. I/We certify that all of the information is true and complete. I/We made no misrepresentations in the loan application or other documents, nor did I/we omit any pertinent information.

2. I/We understand and agree that UAMC (lender) reserves the right to change the mortgage loan review process, if applicable, to a full documentation program. This may include verifying the information provided on the application with the employer and/or the financial institution.

3. I/We fully understand that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014.

_____   9-8-0 6   _____
Signature of Applicant      Date      Signature of Co-Applicant        Date

ELECTRONIC CHECK PROCESSING

When you provide a check as payment to Universal American Mortgage Company of California, you authorize us either to use information from your check to make a one-time electronic funds transfer (for each check) from your account or to process the payment as a check transaction. When we use information from your check to make an electronic funds transfer (funds may be withdrawn from your account as soon as the same day your payment is received) you will not receive your check back from your financial institution.

CREDIT CARD AUTHORIZATION

I have elected to make a payment for up-front fee(s) through the use of a credit card. By signing below I hereby authorize payment to Universal American Mortgage Company of California of the fee(s) checked by using the type of credit card designated.     ☐ Mastercard     ☐ Visa     ☐ American Express

☐ Application Fee   ☐ Credit Report Fee   ☐ Appraisal Fee   ☐ Other: _____

_____   _____   _____
Signature of Credit Card Holder   Date   Authorization Code   (when card is processed)

EXHIBIT "B"



**THE TERMS OF THIS LOAN CONTAIN PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY.**

MIN: ~~1............~~              **NOTE**        Loan Number: ~~............~~

NOVEMBER 7, 2006                    BAKERSFIELD         CALIFORNIA
<span>Date</span>                                        <span>City</span>                  <span>State</span>

9023 GREAT HARVEST DRIVE, BAKERSFIELD, CALIFORNIA 93313
<span>Property Address</span>              <span>City</span>              <span>State</span>            <span>Zip Code</span>

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 64,350.00        (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is    UNIVERSAL AMERICAN MORTGAGE COMPANY OF CALIFORNIA, A CALIFORNIA CORPORATION                            .
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of       8.500 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 494.80              .
I will make my payments on the  1st  day of each month beginning on  JANUARY 1, 2007   .
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on  DECEMBER 1, 2021      , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 700 NW 107TH AVENUE, 3RD FLOOR, MIAMI, FLORIDA 33172-3139
                                            or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A)  Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of  15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be     5.000 % of my overdue payment, but not less than U.S. $ 5.00               and not more than U.S. $ N/A             . I will pay this late charge only once on any late payment.
(B)  Notice From Note Holder
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
(C)  Default
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

*DocMagic* ℰℱℴ℘mℴ 800-649-1362
*www.docmagic.com*

C3390511.net

**EXHIBIT
B**

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

DocMagic @Romos 800-649-1362
www.docmagic.com

Ca390522.not

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

**NOTICE TO BORROWER:** Do not sign this Note if it contains blank spaces. All spaces should be completed before you sign.

_____ (Seal)
IVAN HERNANDEZ          -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF
LaSalle Bank N.A., as Trustee
...............................
.............................

**Without recourse, pay to the order of:**
RESIDENTIAL FUNDING COMPANY, LLC
Opteum Financial Services, LLC
Casey Limp, Assistant Vice President

DocMagic *eFonms* 800 649 1362
www.docmagic.com

Ca390533.not

# ALLONGE

Reference is made to that certain Note, dated November 7, 2006, made by Ivan Hernandez. In the original principal amount of $64,350.00. It is intended that this Allonge be attached to the Note.

HERITAGE PACIFIC FINANCIAL, LLC d/b/a
HERITAGE PACIFIC FINANCIAL

Pay to the order of _____, without recourse.

Executed this 2nd day of March, 2010.

CADLEROCK JOINT VENTURE, L.P.

By: CadleRock, Inc., Its General Partner

By: _____

William E. Shaulis
Its:   Executive Vice President

File Name: Ivan Hernandez
Our File No.
Asset No.