FILED

July 07, 2011

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003614708

BRAD A. MOKRI, SBN: 208213
JENNIFER N. HUPE, SBN: 256009
LAW OFFICES OF MOKRI & ASSOCIATES
1851 E. First Street, Suite 900
Santa Ana, California 92705
Telephone No.: (714) 619-9395
Facsimile No.: (714)619-9396

Attorney for Plaintiff HERITAGE PACIFIC FINANCIAL, LLC
Dba HERITAGE PACIFIC FINANCIAL

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re:<br>IVAN HERNANDEZ,<br>Debtor. | Chapter 7<br>Case No. 10-62978-A-7<br>Adversary Case No.: 11-01033-A |
| HERITAGE PACIFIC FINANCIAL, LLC dba<br>HERITAGE PACIFIC FINANCIAL, a Texas<br>limited liability company,<br><br>Plaintiff,<br>vs.<br>IVAN HERNANDEZ,<br><br>Defendant | **PLAINTIFF'S PRETRIAL STATEMENT**<br><br>**Pretrial Conference:**<br>Date: July 20, 2011<br>Time: 1:30 p.m.<br>Location: Bakersfield hearing location.<br>Judge: Hon. Whitney Rimel |

Plaintiff HERITAGE PACIFIC FINANCIAL, LLC dba HERITAGE PACIFIC

FINANCIAL ("Plaintiff") hereby submits the following pretrial statement:

## 1. Jurisdiction-Venue

The United States District Court has jurisdiction over this adversary proceeding pursuant

to 28 U.S.C. § 1334(e). The District Court has generally referred cases under Title 11, United

States Code, to the bankruptcy judges in this district pursuant to 28 U.S.C. § 157(e).

Venue is proper in the Easter District of California because the underlying bankruptcy

case is pending in this Court and the Defendant resides in this district.

There are no known disputes regarding jurisdiction or venue.

**PLAINTIFF'S PRETRIAL STATEMENT**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(l) since it involves the determination of dischargeability under 11 U.S.C. §523(a)(2)(B).

## 2. Undisputed Factual Issues

In 2006, Defendant applied for a home mortgage loan with Universal American Mortgage Company of California and created a balance due in the sum of $64, 030.27. Defendant defaulted on repaying the loan. Prior to receiving the loan Defendant signed a completed Uniform Residential Loan Application and certified the accuracy of the information contained therein.

On the Uniform Residential Loan Application, Defendant was asked to state his gross monthly income and if the subject property was for purchase as Defendant's primary residence. Defendant's loan application stated that he earned a gross monthly income of $7,384.00 and that the purpose of the loan was for the purchase of a primary residence.

It is undisputed that Defendant did not earn $7,384.00.

## 3. Disputed Factual Issues

The parties dispute whether the defendant actually ever resided or intended to reside at the subject property. The parties further dispute whether defendant provided the bank with his true employment and income; and/or submitted false information to the loan broker.

## 4. Disputed Evidentiary Issues

None.

## 5. Relief Sought

Plaintiff seeks a monetary judgment in the amount of $64,030.27 and an order determining that such debt is non-dischargeable under 11 USC § 523(a)(2)(B). Plaintiff waives pre-judgment interest, costs and attorney's fees.

## 6. Points of Law

*a. 11 USC § 523*

Plaintiff's complaint is based on 11 USC § 523(a)(2)(A) and 11 USC § 523(a)(2)(B), which excepts from discharge a debt... "for monetary, property, services or an extension, renewal or refinancing of credit, to the extent obtained by – (A) false pretenses, a false

representation, or actual fraud, other than a statement respecting the debtors or an insiders financial condition or obtained by use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money...reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive."

### b. Elements of Fraud

The elements for fraud, which give rise to the tort action for deceit, are (1) misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and resulting damage. (*Conroy v. Regents of Univ. of Cal.* (2009) 45 Cal. 4th 1244, 1256 citing *Small v. Fritz Companies, Inc.* (2003 30 Cal. 4th 167, 173).

### c. Knowledge of Falsity or Sufficient Recklessness

A creditor need not establish that the debtor had actual knowledge of the falsity of the representation in order to prevail under *section 523(a)(2)*. He may satisfy this element of the required showing by proving that the false statement "was either knowingly made or made with sufficient recklessness so as to be fraudulent." (*Merchants Bank of California v. Chai Cho Oh* (*In re Chai Cho Oh*) (2002) 278 B.R. 844, 858 citing *Alside Supply Center v. Aste (In re Aste)*, 129 B.R. 1012, 1017). In deciding whether a statement was made with the requisite level of recklessness, courts have examined such factors as whether the debtor could reasonably have been expected to have access to the financial information contained on the statement and whether the debtor reasonably relied on the advice or servicing of an accounting professional in including the inaccurate information. When a debtor is in a position to have access to the financial information reflected on the statement and did little or nothing to review the financial statement before signing it to ensure its accuracy, or the debtor had reason to question the accuracy of the information contained in the statement, but failed to do so, the courts have found the requisite level of recklessness. (*Merchants Bank*, supra, 278 B.R. at 858-859).

///

///

**7. Abandoned Issues**

Plaintiff's claim under 11 USC § 523(a)(2)(A). Plaintiff also waives its request for interest, costs and attorneys' fees.

**8. Witnesses**

Plaintiff intends to call:

Ben Ganter of Heritage Pacific Financial, LLC, 2200 K Ave, Suite 100, Plano, TX 75074.

Mark Schuerman of MCS Associates, 18881 Von Karman Ave., Suite 1175, Irvine, CA 92615.

Ivan Hernandez, Defendant c/o The Law Offices of Young Wooldridge, LLP.

Lori Cosyns, 11907 Cherry Valley Ave., Bakersfield, CA 93312-6778

Bob Hurbert, Western Express, Inc., P.O. Box 138, Bass Lake, CA 93604.

**9. Exhibits-Schedules and Summaries**

The Plaintiff expects to offer the following documents at trial:

a. Defendant's Uniform Residential Loan Application;

b. Defendant's Promissory Note.

c. Verification of Employment

d. Deed of Trust for 9023 Great Harvest Drive, Bakersfield, CA 93313

e. Deed of Trust for 2512 Valorie Ave., Bakersfield, CA 93304

**10. Discovery Documents**

Plaintiff expects to offer defendant's responses to written discovery.

**11. Further Discovery or Motions**

Plaintiff does not make or expect any requests for further discovery or pretrial motions and would object to any such motions made by Defendant considering all deadlines have long passed.

**12. Stipulations**

The Plaintiff is not aware of any stipulation for trial purposes.

**13. Amendments-Dismissals**

The Plaintiff does not request any amendments, dismissals, additions, or substitutions of parties at the present time.

**14. Agreed Statements**

The Plaintiff would be agreeable to presentation of all or part of the action upon an Agreed Statement of Facts.

**15. Attorney's Fees**

The Plaintiff waives its request for attorneys' fees.

**16. Miscellaneous**

None.

**17. Estimated Time for Trial**

The Plaintiff estimates the trial will require 1 day.

Dated: July 6, 2011            Respectfully submitted,

                        LAW OFFICES OF MOKRI & ASSOCIATES

                        By:___/s/ Brad A. Mokri_____

                        Brad A. Mokri
                        Attorney for Plaintiff
                        HERITAGE PACIFIC FINANCIAL, LLC dba
                        HERITAGE PACIFIC FINANCIAL

## **PROOF OF SERVICE**

I, the undersigned declare that: I am employed in the County of Orange, California. I am over the age of eighteen years and not a party to this action or proceeding. My business address is 1851 E. First Street, Suite # 900 Santa Ana, California 92705.

On July 6, 2011, I served the foregoing document described as **PLAINTIFF'S PRETRIAL STATEMENT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows:

D. Max Gardner, Esq.
The Law Offices of Young Wooldright, LLP
1800 30th St., 4th Floor
Bakersfield, CA 93301

Attorneys for Defendant


___✓___  BY U.S. MAIL

_____  I deposited such envelope(s), with postage thereon fully prepaid in the mail at Santa Ana, California.

___✓___  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. Postal Services on that same day with postage thereon fully prepaid at Santa Ana, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal collection date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____  I delivered such envelope(s), by hand to the offices of the addressee(s).

_____  I caused such copy to be facsimiled to the person(s) set forth above. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by the machine. Pursuant to California Rules of Court, 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

_____  (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___✓___  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the services is made.

Executed on: July 6, 2011, at Santa Ana, California.


Gissou Mokri